Tolentino HERNANDEZ–
HERNANDEZ,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–74018.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

John Stephen Glaser, Manulkin Glaser & Bennett, Fountain Valley, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, P. Michael Truman, Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

## MEMORANDUM **

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Tolentino Hernandez–Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider and denying his motion to reopen to seek adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen and reconsider, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), and de novo claims of due process violations, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

Hernandez–Hernandez contends that the BIA violated due process by relying on the Record of Inadmissible/Deportable Alien (Form I–213) and on Hernandez–Hernandez's 1993 conviction in denying Hernandez–Hernandez cancellation of removal. We disagree. The BIA explicitly stated that it did not consider the evidence in the Form I–213 and Hernandez–Hernandez admitted to his 1993 conviction before the BIA.

The BIA did not abuse its discretion in denying Hernandez–Hernandez's motion to reopen where he failed to establish his prima facie eligibility for adjustment of status. *See INS v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Hernandez–Hernandez's motion for a stay of removal is denied as moot. The currently effective temporary stay of removal will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**